David AMBRIZ, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 93–1145.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 28, 1993.

Decided Jan. 18, 1994.

---

Adam Bourgeois, Chicago, (argued), for David Ambriz.

Barry R. Elden, Asst. U.S. Atty., Mark S. Hersh (argued), Office of U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL for U.S.

Before BAUER, WOOD, Jr., and ESCHBACH, Circuit Judges.

BAUER, Circuit Judge.

David Ambriz pleaded guilty to knowingly and intentionally possessing with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Ambriz entered into a plea agreement with the government in which he agreed to plead guilty and to serve a prison sentence of five years. On September 14, 1990, the district court accommodated and sentenced him to five years. Ambriz did not file a direct appeal. Instead, on March 2, 1992, Ambriz filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. The

district court denied the petition and Ambriz appeals.

## I.

On December 11, 1988, Jose Allende was driving through Georgia when local law enforcement officers stopped him. The officers discovered approximately one kilogram of cocaine in Allende's vehicle and arrested Allende. Allende agreed to cooperate with the authorities and explained that he was traveling to Chicago to deliver the cocaine to Ambriz. Law enforcement officers removed all but 22.5 grams of the cocaine in the package, replaced it with approximately 977.5 grams of dirt, and put the cocaine and dirt in an antifreeze container within a "Wendy's" bag. Allende went to Chicago and, on December 13, 1988, met with Ambriz at Ambriz's house. Allende and Ambriz discussed a variety of things, including other drug dealers and other deals, the price and availability of drugs, and race horses that Ambriz owned and hoped to sell for a lot of money. Allende and Ambriz left Ambriz's house and drove to a Venture store. When they arrived at the Venture parking lot, Ambriz instructed Allende to park next to Ambriz's van, which was already in the lot. Allende and Ambriz then got out of the car. Allende opened the trunk and handed Ambriz the cocaine-dirt bag. Ambriz thanked Allende for the cocaine-dirt bag, put it in his van, and was promptly arrested. Ambriz and the government entered into the plea agreement, which provided, among other things, that Ambriz "acknowledges that on December 13, 1988, he knowingly and intentionally possessed with intent to distribute one thousand grams of cocaine." R.Doc. 60 at ¶ 5. The plea agreement also stated that "[Ambriz] and the government agree, under Federal Rule of Criminal Procedure 11(e)(1)(C), that the appropriate sentence in this case is five years incarceration." [1] *Id.* at ¶ 14. Ambriz plead-

---

1. Rule 11(e) provides in relevant portion:
   **(e) Plea Agreement Procedure.**
   **(1) In General.** The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney

for the government will do any of the following:

\*   \*   \*   \*   \*   \*

   (C) agree that a specific sentence is the appropriate disposition of the case.
   The court shall not participate in any such discussions.
   **(2) Notice of Such Agreement.** If a plea agreement has been reached by the parties, the

ed guilty in open court. The district court accepted the plea agreement and sentenced Ambriz to a five-year prison sentence as stipulated.

## II.

In spite of his explicit plea agreement with the government, Ambriz challenges the length of his sentence. He also claims that he was denied his Sixth Amendment right to the effective assistance of counsel because his attorney did not object to the length of his sentence.

■ Ambriz may not challenge alleged sentencing errors in this section 2255 proceeding unless he can show cause for his failure to raise the matter on direct appeal and actual prejudice from the errors of which he complains. *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir.1993). Ambriz points out that the district court did not advise him of his right to file a direct appeal and suggests that this fact provides the requisite cause. We assume without deciding that the district court's error is sufficient cause and therefore ask whether Ambriz was actually prejudiced by this.

### A. *The Length of Ambriz's Sentence*

■ Ambriz argues that he was actually prejudiced when the district court sentenced him to five years in jail because he should have been sentenced only for the 22.5 grams of cocaine that he possessed. He contends that the district court should not have counted the weight of the dirt for sentencing purposes. Under the United States Sentencing Guidelines, a sentence for the 22.5 grams of cocaine would put Ambriz's sentencing level at 12 and make him eligible for a sentence of 10–16 months. U.S.S.G. § 2D1.1(c)

and Ch. 5, Pt. A. Instead, under the district court's approach, Ambriz was eligible for sentencing level 26 and that level's corresponding 63–78 month sentence. By entering into the plea agreement and pleading guilty to the full amount, Ambriz trimmed at least three months off his sentence.

Our cases establish that Ambriz was responsible for the full weight of the cocaine-dirt combination. In *United States v. Leiva*, 959 F.2d 637 (7th Cir.1992), *cert. denied*, — U.S. ——, 113 S.Ct. 2372, 124 L.Ed.2d 277 (1993), and *United States v. White*, 888 F.2d 490 (7th Cir.1989), we considered materially identical situations. In *Leiva*, government informants offered to sell the defendants thirty kilograms of cocaine. The government informants in fact sold the defendants two kilograms of cocaine and twenty-eight kilograms of flour. We held that the defendants were properly sentenced for the full thirty kilograms. *Leiva*, 959 F.2d at 643–44. In *White*, customs officials intercepted two packages of cocaine that were addressed to the defendant and turned the packages over to agents of the Drug Enforcement Agency. The DEA agents replaced 300 grams of cocaine with sugar and left slightly less than two grams of cocaine in one of the packages. The agents dropped off the package that contained the cocaine in the defendant's post office box, watched the defendant pick it up, and then arrested him. We held that the full 302 grams should be included for sentencing purposes. *White*, 888 F.2d at 499.

Ambriz's case is materially identical to *Leiva* and *White*. In all three cases, the defendant tried to possess a large quantity of cocaine but, because of substitutions by the government, succeeded in possessing a small fraction of the whole amount. Ambriz's sentencing range reflects the seriousness of his

court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. If the agreement is of the type specified in subdivision (e)(1)(A) or (C), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report.
＊　＊　＊　＊　＊　＊
**(3) Acceptance of a Plea Agreement.** If the court accepts the plea agreement, the court

shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement. Fed.R.Crim.P. 11(e).

crime—that he attempted to possess, and thought he was possessing, a full kilogram of cocaine. As in *Leiva* and *White,* the government's action in substituting dirt for cocaine did not provide Ambriz with a sentencing windfall.

Ambriz points to our decision in *United States v. Johnson,* 999 F.2d 1192 (7th Cir. 1993), to support his position that he was improperly sentenced. There, agents recovered 47.4 grams of cocaine, including cutting agents and adulterants. The agents also recovered 31.89 grams of waste water. We held that the weight of the waste water should not count for sentencing purposes because the water did not serve as a dilutant, cutting agent, or carrier medium for the cocaine base and did not increase the amount of cocaine available at the retail level. *Id.* at 1196. Also, the cocaine was not dependent on the water for ingestion. *Id.* For purposes of 21 U.S.C. § 841 and the Guidelines, the waste water and the cocaine was not a "mixture" and therefore should not be included for sentencing purposes.[2] *Id.*

*Johnson* is unlike Ambriz's case. Here, as in *Leiva* and *White,* the issue is whether to include material disguised by government agents as cocaine. Unlike the defendant in *Johnson,* and like the defendants in *Leiva* and *White,* Ambriz was properly sentenced because he tried to possess the full kilogram amount of cocaine. Ambriz was not prejudiced by his sentence.

### B. Ineffective Assistance of Counsel

Ambriz argues that he was denied his Sixth Amendment right "to have the Assistance of Counsel for his defence" because his attorney did not object to the length of his sentence. U.S. Const. amend. VI. To succeed on his ineffective assistance of counsel claim, Ambriz must show (1) that his trial counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *United States v. Levine,* 5 F.3d 1100, 1108 (7th Cir.1993). Ambriz does not satisfy either of these two requirements. His ineffective assistance of counsel claim is premised on the allegedly improper length of his sentence. We have made clear, however, that there was nothing improper about his sentence. In fact, given the 63–78 month sentencing range provided by the Guidelines, Ambriz's five-year sentence provides him with between three and eighteen months of freedom. Ambriz points to nothing else, and the record reveals nothing else, that his trial counsel could have or should have done to enable Ambriz to receive a lower sentence for his crime. Ambriz was not denied his right to the effective assistance of counsel.

### III.

Ambriz and the government agreed to a five-year prison sentence when they entered into the plea agreement. The district court simply enforced the agreement when it sentenced Ambriz to five years in prison. Nothing about Ambriz's sentence violated the federal Constitution. The district court's decision to deny Ambriz's petition for writ of habeas corpus is therefore

AFFIRMED.

---

**2.** Section 841 provides in relevant portion:
> In the case of a violation of subsection (a) of this section involving—50 grams or more of a mixture or substance ... which contains cocaine base ... such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life.

21 U.S.C. § 841(b)(1)(A)(iii). The Guidelines treat mixtures the same way:
> Unless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance. If a mixture or substance contains more than one controlled substance, the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level.

U.S.S.G. § 2D1.1 n. *. A " '[m]ixture or substance' as used in this guideline has the same meaning as in 21 U.S.C. § 841." U.S.S.G. § 2D1.1, comment. (n. 1).