27 F.3d 554
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Jose CASTILLO-MORONTA, Defendant, Appellant.
 No. 93-2148
 United States Court of Appeals,
First Circuit.
 June 27, 1994
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Raymond J. Pettine, Senior U.S. District Judge ]
 David A. Cooper and Cooper & Sanchez on brief for appellant.
 Edwin J. Gale, United States Attorney, Margaret E. Curran and Ira Belkin, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before Torruella, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Jose Castillo-Moronta pled guilty under 8 U.S.C. Sec. 1326(b)(2) to unlawful reentry into the United States following his deportation. He now advances a single challenge to his sentence, arguing that the court erred in imposing a 16- level enhancement to his offense level under U.S.S.G. Sec. 2L1.2(b)(2) on the ground that he had been deported after conviction for an "aggravated felony." His sole argument is that the underlying offense triggering this enhancement-a Rhode Island conviction for manufacturing marijuana-does not constitute an aggravated felony. We disagree and therefore summarily affirm. See Loc. R. 27.1.
 
 
 2
 Echoing the definition contained in 8 U.S.C. Sec. 1101(a)(43), the commentary to Sec. 2L1.2 defines "aggravated felony" to include "any illicit trafficking in any controlled substance (as defined in 21 U.S.C. Sec. 802), including any drug trafficking crime as defined in 18 U.S.C. Sec. 924(c)(2)...." U.S.S.G. Sec. 2L1.2, comment. (n.7). The commentary also states that the term encompasses such offenses "whether in violation of federal or state law." Id. The term "drug trafficking crime," in turn, is defined in 18 U.S.C. Sec. 924(c)(2) to include "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 et seq.)." Accordingly, for a drug offense to fall within the scope of Sec. 924(c)(2) and thus within the definition of aggravated felony, it must meet two criteria: "first, the offense must be punishable under one of these three enumerated statutes; and second, the offense must be a felony." United States v. Forbes, 16 F.3d 1294, 1301 (1st Cir. 1994); accord, e.g., Amaral v. I.N.S., 977 F.2d 33, 35 (1st Cir. 1992).
 
 
 3
 Both of these criteria are satisfied here. Manufacturing a controlled substance, including marijuana, is specifically proscribed by 21 U.S.C. Sec. 841(a)(1). And such an offense constitutes a felony. As we explained in both of the decisions just cited, a felony is defined in 21 U.S.C. Sec. 802(13) as "any Federal or State offense classified by applicable Federal or State law as a felony."[1] Under 18 U.S.C. Sec. 3559(a), an offense is a felony if the maximum authorized term of imprisonment exceeds one year.[2] Both 21 U.S.C. Sec. 841 and R.I. Gen. Laws Sec. 21-28-4.01(A)(2)(a) prescribe a maximum prison term in excess of one year for the offense of manufacturing a controlled substance.
 
 
 4
 Defendant does not take issue with this reasoning. Rather, he contends that a "mechanical application" of Sec. 2L1.2 here results in a sentence that exaggerates the seriousness of his offense. He emphasizes that, far from being involved in the manufacture or sale of drugs on any large-scale basis, he was found in possession of a single marijuana plant (along with a half-smoked marijuana cigarette) which he claims was intended for his personal use only. Yet this argument has no bearing on the applicability of Sec. 2L1.2's 16-level enhancement; rather, it concerns the propriety of a possible downward departure. See, e.g., United States v. Hinds, 803 F. Supp. 675 (W.D.N.Y. 1992) (departing downward under analogous circumstances), aff'd mem., 992 F.2d 321 (2d Cir. 1993). Indeed, a good portion of the sentencing hearing was devoted to the question of whether such a departure was warranted. The district court ultimately decided, in its discretion, not to depart downward, relying on other factors indicating that defendant's overall conduct was less benign than it might first appear.[3] Defendant here has advanced no challenge to this determination, and we of course would lack jurisdiction to entertain it had he done so. See, e.g., United States v. Gifford, 17 F.3d 462, 473 (1st Cir. 1994).
 
 
 5
 Affirmed.
 
 
 
 [1]
 See also United States v. Aymelek, 926 F.2d 64, 71 (1st Cir. 1991) ("Although state law must still be examined to ascertain the elements of a predicate offense, the conviction's ultimate classification, for guidelines purposes, is determined by federal law.") (applying Sec. 2L1.2)
 
 
 [2]
 Rhode Island law is to the same effect. See R.I. Gen. Laws Sec. 11-1-2
 
 
 [3]
 For example, defendant was convicted in 1988 of possession of heroin. In 1991, he was convicted of using a false social security number and making false statements to purchase eleven pistols and a shotgun. Defendant was on supervised release from the firearms offenses when he was arrested on the marijuana charge. Among the items found in his apartment at that time were over $28,000 in cash hidden behind a refrigerator panel and 27 boxes of empty glassine packets, which according to the police report are used to package heroin. And in 1993, following his return to the United States (which he explained was for the purpose of visiting his three daughters), defendant was arrested for attempting to pass counterfeit currency; he thereafter is said to have provided police officials with a false name and date of birth in an attempt to obstruct the investigation. These charges remained pending at the time of sentencing