**UNITED STATES of America,
Respondent,**

v.

**Miguel RIVAS, Petitioner.**

**Nos. 91 CR 283, 93 C 4414.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 24, 1994.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

### BACKGROUND

On April 11, 1991, petitioner, Miguel Rivas ("Rivas"), met with a confidential informant ("CI") working with agents of the Drug Enforcement Administration ("DEA") at a tavern located at 4346 South California Avenue in Chicago, Illinois. The purpose of the meeting was to conclude a previously-negotiated sale of five kilograms of cocaine. Petitioner's initial encounter with the CI had taken place at the same tavern two days earlier, on April 9, 1991. At that time, the CI told petitioner that he was a drug dealer and was interested in buying cocaine in large quantities. Petitioner said that he could sell up to five kilograms for $22,500 each. They exchanged beeper numbers and agreed to contact each other to make arrangements for the transaction. They spoke on the phone the next day, April 10, 1991, and agreed to meet again at the same tavern on South California. At that meeting, petitioner told the CI that he would come to the tavern at noon the following day in a car equipped with a secret compartment in which the cocaine would be stored, and that they would exchange the money and the cocaine on a side street.

When the CI met petitioner at the tavern on April 11, 1991, the CI was informed that petitioner changed the plan. Petitioner told the CI that the car containing the cocaine was located at his house at 60th and Lawndale Streets in Chicago, and that the transaction would take place there. Both got into the CI's car, and the CI drove, at petitioner's direction, to a house with an attached garage at 3720 West 60th Street. Petitioner led the CI into the garage, where a silver 2-door Cadillac was parked. Petitioner manipulated some buttons underneath the dashboard, causing a secret compartment in the right rear to open. The compartment contained five packages containing approximately one kilogram of cocaine each. Petitioner opened one of the packages to display the contents to the CI, and said that it was good quality. The CI agreed to make the purchase, and said that he had the money in his car.

Before the CI could leave the house, petitioner expressed concern that there were police surveillance cars in the area. It was agreed that the CI would drive his car to the alley behind the house, and petitioner would bring the cocaine out to him. However, when the CI got to the alley, petitioner came out and said he would not complete the transaction while the police were in the area. He told the CI to leave, and that he would call him another time. The DEA agents, maintaining surveillance, obtained a search warrant for the house, the garage, and the car, which they executed on the afternoon of April 11, 1991. In the compartment petitioner had opened to display the packages to the CI, they found five kilograms of cocaine. Laboratory analysis of the contents established that the net weight of the cocaine found by the agents, stripped of the packaging, was 5033 grams, and that it was 94 percent pure. A second compartment was found in the car, and it contained an additional three kilograms of cocaine (net weight 3022 grams, between 87 percent and 89 percent pure). Petitioner was aware of the three kilograms of cocaine in the second compartment, but he had not been charged by the source of supply with its distribution.

Petitioner pled guilty to Count II of the indictment brought against him, a charge of

possession with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). The plea was entered on June 17, 1991, and following entry of the plea, Count I of the indictment was dismissed. There was no plea agreement. The penalty for Count II of the indictment is a mandatory minimum sentence of 10 years, a maximum sentence of life, and a maximum fine of $4,000,000.00.

Petitioner was sentenced on September 17, 1991. The United States District Court which sentenced him (Judge Nicholas Bua, presiding) found: that the base offense level was 32, regardless of whether the calculation was based on five kilograms or eight; that petitioner was entitled to a two-point reduction for acceptance of responsibility; that his criminal history category was I; and that the resulting United States Sentencing Guidelines ("Sentencing Guidelines") range was 97–121 months. However, since the offense of conviction involved at least five kilograms of cocaine (it was stipulated during the plea colloquy that the net weight of the cocaine in the packages displayed to the CI was 5033 grams), the mandatory minimum 10–year provision of 21 U.S.C. § 841(b)(1)(A)(ii) applied, thus making the effective sentence range 120–121 months. Petitioner received the minimum possible sentence, 120 months. There were no objections to the presentence investigation or to the court's findings, and no direct appeal was taken.

Nineteen months after the imposition of sentence, petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In his motion, and in a "supplement" to it, petitioner raises four substantive claims of error: (1) that the sentencing court determined his offense level based on the eight kilograms of cocaine found in the car instead of the five kilograms alleged in the count of the conviction; (2) that his offense level should have been reduced by three points for acceptance of responsibility instead of the two points that the court reduced it by; (3) that he was not mentally competent to enter a guilty plea at the time of his change of plea; and (4) that his court-appointed attorney rendered ineffective assistance in failing to seek a competency hear-

ing, and in failing to advise him of his right to appeal his sentence. Petitioner has also requested that a hearing date be set in order for him to orally argue the issues set forth in his petition.

## DISCUSSION

To obtain habeas relief, a federal prisoner must generally file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the imposition or length of his or her detention:

(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255. If the court determines that any of these grounds exist, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

After reviewing the prisoner's motion, the United States Attorney's answer, and any transcripts or records of prior court actions in the matter, the judge shall determine whether an evidentiary hearing is required. Rule 8(a) of the Rules Governing Section 2255 Proceedings. Under section 2255, "if there is no reason to suppose that a hearing would produce evidence justifying the grant of a new trial, there is no reason to hold a hearing." *U.S. v. Taglia,* 922 F.2d 413, 419 (7th Cir.1991), *cert. denied, McDonnell v. U.S.,* 500 U.S. 927, 111 S.Ct. 2040, 114 L.Ed.2d 125 (1991). In other words, "a judge should dismiss the petition without a hearing if it plainly appears from the facts of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Liss v. U.S.,* 915 F.2d 287, 290 (7th Cir.1990) (citations omitted). "If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates." *Id.*

The Supreme Court has made clear that relief under section 2255 is only available if the trial court is guilty of "an error which is [either] jurisdictional [or] constitutional. It [must be] a fundamental defect which inherently results in a complete miscarriage of justice...." *Hill v. U.S.*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

Recently, the Seventh Circuit Court of Appeals addressed an issue very similar to principal issued involved in the case at bar: *i.e.*, the effect of an alleged failure of the district court to advise the defendant at the time sentence was imposed of his right to appeal the sentence. *Ambriz v. U.S.*, 14 F.3d 331 (7th Cir.1994). The court stated that Ambriz could not challenge alleged sentencing errors in the section 2255 proceeding unless he showed cause for his failure to raise the matter on direct appeal and actual prejudice from the errors of which he complains. *Id.* at 333 (*citing Degaglia v. U.S.*, 7 F.3d 609, 611 (7th Cir.1993)). The court assumed, though it did not decide, that the failure of the district court to advise him of his right to appeal was sufficient cause. *Id.* The court then proceeded to the merits of the issues raised, found no prejudice as a result of the district court's error, and affirmed the dismissal of the motion. *Id.* at 333–34.

■ In the case at bar, petitioner's first two substantive claims are meritless. First, petitioner claims "sentencing entrapment" based upon a perceived difference between the Sentencing Guidelines sentence for possession with intent to distribute five kilograms of cocaine and the Sentencing Guidelines sentence for possession with intent to distribute eight kilograms of cocaine. This claim carries no weight because the Sentencing Guidelines sentence for possession with intent to distribute 5 or more kilograms, but less than 15 kilograms of cocaine, yields the same offense level. Sentencing Guidelines section 2D1.1(c)(6).

■ Second, as for acceptance of responsibility, the provision of the Sentencing Guidelines allowing for three rather than two points to be deducted from the offense level did not become effective until November 1, 1992, more than a year after petitioner was sentenced. Therefore, that provision does not apply in this case. Even if the provision did apply, petitioner would not qualify. To be eligible, a defendant must either timely provide complete information to the government regarding his involvement in the offense, or timely notify the government of his intent to plead guilty. Such timely notification spares the government the task of preparing for trial and permits the court to allocate its resources most efficiently. Here, petitioner entered a blind plea on the day of trial and never provided any information to the government.

■ Both of petitioner's first two claims are meritless for the additional reason that, regardless of how the Sentencing Guideline offense level is calculated, the 10–year mandatory minimum sentence applies, thus the 120–month sentence that petitioner received was the minimum sentence that he could have possibly received.

■ With regard to petitioner's third claim—*i.e.*, that he was incompetent to plead guilty at the time he did so—raises the issue of whether or not Rivas' plea was made voluntarily. An individual is not competent to stand trial if, as a result of a mental disease or defect, he or she lacks the mental ability to understand the nature of the charges and proceedings, and to consult with counsel with a reasonable degree of rational and factual understanding. *Dusky v. U.S.*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). As the government properly points out,

> The standard is the same for entering a plea of guilty. *United States v. Collins*, 949 F.2d 921, 927 (7th Cir.1991). The substantive right not to be called upon to stand trial or plead guilty while incompetent, *Drope v. Missouri*, 420 U.S. 162, 171[, 95 S.Ct. 896, 903–04, 43 L.Ed.2d 103] (1975), is to be distinguished from the procedural right to a competency inquiry upon a sufficient showing of doubt regarding competence. If there is evidence sufficient to establish a bona fide doubt as to the defendant's competence, the court is required to conduct a hearing. *Pate v. Robinson*, 383 U.S. 375, 385[, 86 S.Ct. 836, 842,

15 L.Ed.2d 815] (1966). *See also*, 18 U.S.C. §§ 4241, et seq. Government's Reply to Petitioner's Supplement at 2.

■ The court finds no evidence on the record of Rivas' case that there was a doubt as to his competence to plead guilty at the time of his change of plea. Rivas claims that he was incompetent at the time of his plea, and seeks a retrospective hearing on that issue. However, the court is in full agreement with the government's point that Rivas "has not alleged any new facts sufficient to call for a hearing now, and indeed, many of [his] present assertions directly contradict his statements to the court when he changed his plea, and to the probation officer who prepared the presentence investigation report." Government's Reply to Petitioner's Supplement at 3. [The government describes three such contradictory statements in detail in its Reply to Petitioner's Supplement at 3–4. The court sees no need to repeat them here.] Because the court can find no evidence, either at the time of the plea and sentencing, or now, that petitioner suffered from a mental disease or defect rendering him incompetent to plead guilty, it denies petitioner's request for relief under section 2255 on the grounds that he was not competent to plead guilty.

■ Petitioner's fourth claim is that his attorney rendered ineffective assistance to him. The government is correct in its argument that "[w]hen a defendant asserts that his plea of guilty was involuntary because of defective advice from councel [sic], he must show that counsel's representation fell below minimum standards of professionalism, and that prejudice resulted. *U.S. v. Alvarez–Quiroga*, 901 F.2d 1433, 1437 (7th Cir. [1990] ), *cert. denied*, 498 U.S. 875[, 111 S.Ct. 203, 112 L.Ed.2d 164] (1990)." Government's Reply to Petitioner's Supplement at 4.

The basis for Rivas' ineffective assistance of counsel argument is that his attorney failed to advise him of his right to appeal his sentence. However, Rivas asserts no appealable errors at his sentencing. The court has already determined that Rivas' first three claims for section 2255 relief discussed above are meritless. Rivas further argues that he was not advised by his attorney about the mandatory minimum sentence. However, the sentencing court specifically informed Rivas of that aspect of his sentence were he to plead guilty before it accepted his plea. *See* Transcript of Rivas Sentencing Hearing at 5–6. Rivas also argues that his attorney failed to request a competency hearing before allowing him to plead but, as has already been discussed, there is no evidence that his attorney had any reason to question his competence at any point leading up to his plea. Thus, the court finds that Rivas' ineffective assistance of counsel argument is meritless.

■ Finally, it must be noted that the sentencing court failed to advise petitioner of his right, pursuant to Rule 32 of the Federal Rules of Criminal Procedure ("Fed.R.Crim. P."), to appeal his sentence at the time that the sentence was imposed. At the conclusion of the sentencing hearing, the government suggested that such an admonition be given, but the court expressly declined to do so. Neither the government nor defense counsel pursued the point.

As the court in *Ambriz* did, the court assumes that such a Rule 32 violation is sufficient cause for petitioner's failure to raise his claims on direct appeal. As in *Ambriz*, however, petitioner was not prejudiced by the sentencing court's failure to advise petitioner of his right to appeal his sentence. As has been discussed, no "sentencing entrapment" occurred, petitioner was not entitled to any point reduction in the calculation of his offense level that he did not receive, petitioner was not incompetent to plead guilty, and there is no merit to his ineffective assistance of counsel claim. As in *Hill*, the violation of Fed.R.Crim.P. 32(a) was not a fundamental defect which inherently results in a complete miscarriage of justice. Petitioner received the absolute minimum sentence for the crime he committed. Petitioner agreed to the sentence when he voluntarily made the guilty plea. If the sentence were vacated, the best case scenario for petitioner would be to be resentenced to the same period of incarceration that he has already been sentenced to.

Petitioner's motion fails because nothing about his sentence indicates that he is entitled to any relief pursuant to section 2255. Furthermore, because the court finds that "it plainly appears from the facts of the motion ... and the prior proceedings in the case that the movant is not entitled to relief," petitioner's request for a hearing is denied. *Liss,* 915 F.2d at 290.

## CONCLUSION

For the reasons stated herein, Rivas's Motion to Vacate, Set Aside, or Correct Sentence is denied without a hearing.

IT IS SO ORDERED.