**Wayne STRAW, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 94–11605–NMG.**

United States District Court, D. Massachusetts.

May 23, 1996.

William A. Hahn, Boston, MA, for Wayne Straw.

### MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner, Wayne Straw ("Straw"). The government opposes the motion. For the reasons stated below, petitioner's motion will be denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In July, 1981, petitioner was convicted of Possession of a Class D Controlled Substance (marijuana) with intent to distribute. In 1988, Straw was deported to Jamaica. On June 7, 1989, the defendant was arrested in Massachusetts and, after pleading guilty to illegal re-entry, again was deported on January 11, 1990.

In February, 1993, Straw was discovered back in the United States by Immigration and Naturalization Service Officers and was taken into custody. On June 1, 1993, petitioner entered a plea of guilty to Illegal Reentry of a Deported Alien, in violation of 8 U.S.C. § 1326(a) & (b)(2). At sentencing, pursuant to U.S.S.G. § 2L1.2(b)(2), this Court increased petitioner's base offense level by 16 levels because petitioner's 1981 offense constituted an "aggravated felony" within that section.[1] A total offense level of 21 and a criminal history category of III yielded an imprisonment range of 46 to 57 months. This Court sentenced petitioner to 46 months incarceration. Petitioner appealed to the First Circuit Court of Appeals, which affirmed his conviction and sentence on July 11, 1994.

### II. DISCUSSION

A motion pursuant to 28 U.S.C. § 2255 provides a collateral means for a federal prisoner to challenge a conviction or sentence "imposed in violation of the Constitution or laws of the United States." A violation of federal law is cognizable under § 2255 only if it concerns a "fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962); *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979). It is well settled that in order to obtain collateral relief "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady,* 456 U.S. 152, 166, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Summary disposition of a § 2255 petition is appropriate only if it clearly appears from the face of the motion that the movant is not entitled to relief. *Carey v. United States,* 50 F.3d 1097, 1098 (1st Cir.1995).

---

1. In addition to the 1981 felony, the 16–level enhancement was also premised upon a 1982 conviction, again for possession of marijuana with intent to distribute. In November, 1995, this Court received a letter from Straw noting that the 1982 drug convictions mentioned in his presentence report ("PSR") at page 6 were vacated by the State trial court on September 28, 1995. On November 29, 1995, this Court directed the Probation Office to remove those convictions from his PSR. The removal of those convictions does not, however, change Straw's criminal history category, which remained at III. Notwithstanding the vacation of the 1982 sentences, petitioner's 1981 conviction suffices to trigger the 16–level increase called for by § 2L1.2(b)(2).

In his motion, petitioner advances four arguments why his sentence should be vacated: 1) he received ineffective assistance of counsel, 2) the government failed to prove the 1981 and 1982 convictions at petitioner's 1989 deportation, 3) the 1981 and 1982 convictions were not "aggravated felonies" for purposes of U.S.S.G. § 2L1.2(b)(2), and 4) the indictment for the instant offense failed to charge the crime properly.

### A. *Ineffective assistance of counsel*

Straw first claims § 2255 relief because he allegedly received ineffective assistance of counsel when his attorney failed to "seek a downward departure in keeping with *United States v. Hinds,* 803 F.Supp. 675 (W.D.N.Y.1992)." Petition at 5. Ineffective assistance of counsel claims are governed by the two-part test enunciated in *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984), under which petitioner must prove that 1) his counsel's performance fell below an objective standard of reasonableness, and 2) prejudice resulted. *Argencourt v. United States,* 78 F.3d 14, 16 (1st Cir.1996); *United States v. Fisher,* 3 F.3d 456, 463 (1st Cir.1993).

Defense counsel has a duty to learn the relevant law of a case and to evaluate its application to his client, and failure to do so may render his performance constitutionally ineffective. *See Correale v. United States,* 479 F.2d 944 (1st Cir.1973). Petitioner's counsel, therefore, had a duty to learn the relevant law of Straw's case, which necessarily included the application of the relevant sentencing guidelines.

Section 2L1.2(b)(2) provides that defendants previously deported after a conviction for an aggravated felony should receive a 16–level enhancement to the base offense level. Illicit trafficking in any controlled substance constitutes an "aggravated felony" within that section. *Id.* at App. Note 7. Petitioner argues that his counsel's performance fell below an objective standard of reasonableness when counsel failed to seek a downward departure from the sentencing guidelines because the 16–level enhancement seriously over-represented his criminal past.

Petitioner calls this Court's attention to *United States v. Hinds,* 803 F.Supp. 675 (W.D.N.Y.1992), *aff'd,* 992 F.2d 321 (2d Cir. 1993), a case in which a sentencing court, faced with a defendant in similar circumstances, determined that the application of § 2L1.2(b)(2) would have been unfair because it "seriously overrepresent[ed] his criminal past." *Id.* at 678.[2] Furthermore, the First Circuit has held that downward departures from the sentencing guidelines are appropriate where a court finds, in its discretion, that the underlying "aggravated felony" is not serious enough to warrant a 16–level enhancement. *See, e.g., United States v. Castillo–Moronta,* No. 93–2148, (1st Cir. June 27, 1994), 1994 WL 283913 (facts surrounding an "aggravated felony" have "no bearing on the applicability of § 2L1.2's 16–level enhancement; rather, it concerns the propriety of a downward departure"); *United States v. Smith,* 36 F.3d 128, 132 (1st Cir.1994) (district court prudently sentenced defendant as if vacated aggravated felony did not exist by implementing downward departure), *cert. denied,* —— U.S. ——, 115 S.Ct. 529, 130 L.Ed.2d 433 (1994).

While it is clear that First Circuit precedent exists under which a downward departure may be based upon an over-statement of a criminal past under § 2L1.2(b)(2), it is unclear from the record whether petitioner's counsel ever learned about that precedent and evaluated its application to petitioner. Yet even assuming, *arguendo,* that the performance of petitioner's counsel fell below an objective standard of reasonableness, no prejudice resulted, because this Session of this Court, which presided over petitioner's sentencing, would not have granted a downward departure if that argument had been made.

---

**2.** The government dismisses *Hinds* as an "ill-reasoned decision by a court of coordinate jurisdiction sitting in another jurisdiction" and further contends that the *Hinds* court "essentially thumbed its nose at the applicable guidelines." Government Opposition at 5. The government overstates its case, however, because the First Circuit has cited *Hinds* for the proposition that downward departures may be appropriate if § 2L1.2(b)(2) overstates a defendant's criminal past. *See United States v. Castillo–Moronta,* No. 93–2148, (1st Cir. June 27, 1994), 1994 WL 283913.

Petitioner would have been prejudiced if there was a reasonable probability that, but for his counsel's failure to cite the *Hinds* case, the result at his sentencing would have been different. *See Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Scarpa v. Dubois,* 38 F.3d 1, 15–16 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 940, 130 L.Ed.2d 885 (1995). A "reasonable probability" is defined as one which undermines confidence in the result of the proceeding. *Scarpa,* 38 F.3d at 16.

 The First Circuit has explained that "[t]he requisite showing of prejudice requires more than postulating that counsel's errors had some conceivable effect on the outcome of the proceeding." *Argencourt,* 78 F.3d at 16 (internal quotation omitted). Indeed, rather than focusing merely on outcome determination, the analysis must also take into consideration "whether the result of the proceeding was fundamentally unfair or unreliable." *Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993); *Carey v. United States,* 50 F.3d 1097, 1101 (1st Cir.1995). In the case at bar, this Court concludes that no such unfairness occurred.

This Court acknowledges that other District Courts, in considering facts specific to various other cases before them, have found the 16–level enhancement under § 2L1.2(b)(2) overly harsh. Had petitioner's counsel filed a motion for downward departure because that Guideline section overstated Straw's criminal past, however, any such motion would have been denied. This Court notes that petitioner has twice been deported and twice convicted of illegal re-entry. Furthermore, petitioner's criminal history category III is based upon convictions for possession of a class D controlled substance with intent to sell, possession of a firearm, seven counts of assault and battery with a dangerous weapon, carrying a firearm without a license and his first conviction for illegal re-entry to the United States after deportation.

Because this Court would not have allowed a motion for downward departure based upon a claim that § 2L1.2(b)(2) overstated petitioner's criminal past, he was not prejudiced by his counsel's failure to move for a downward departure. Petitioner's motion to vacate, set aside, or correct his sentence based upon ineffective assistance of counsel will, therefore, be denied.

### B. *Other grounds for relief*

 Courts have generally barred § 2255 relief on claims that the moving party could have, but did not, raise on direct appeal. *See, e.g., Reed v. Farley,* 512 U.S. 339, ——, 114 S.Ct. 2291, 2300, 129 L.Ed.2d 277 (1994); *Ambriz v. United States,* 14 F.3d 331, 333 (7th Cir.1994). In his direct appeal, Straw failed to raise the remaining three arguments which he now claims constitute grounds for § 2255 relief, i.e., that: 1) the government failed to prove the 1981 and 1982 convictions at petitioner's 1989 deportation, 2) the 1981 and 1982 convictions were not "aggravated felonies" for purposes of U.S.S.G. § 2L1.2(b)(2), and 3) the indictment for the instant offense failed to charge his crime properly. When a petitioner fails properly to raise claims on direct review, he is entitled to § 2255 relief on such grounds only if he 1) establishes cause for that failure and 2) shows actual prejudice from the alleged violation.[3] *Reed,* 512 U.S. at ——, 114 S.Ct. at 2300. Because petitioner has failed to offer an excuse for his failure to raise those claims on direct appeal, his motion to vacate, set aside, or correct sentence on those grounds will also be denied.

### ORDER

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

So ordered.

---

**3.** The foregoing rule is not applicable to claims of ineffective assistance of counsel, which the Court of Appeals generally "will not hear ... for the first time on direct appeal." *United States v. Georgacarakos,* 988 F.2d 1289, 1297 (1st Cir. 1993). Indeed, the First Circuit has explained that such claims properly are considered in a collateral proceeding pursuant to § 2255, "so that proper factual determinations can be made." *United States v. Soldevila–Lopez,* 17 F.3d 480, 485 (1st Cir.1994).