John DEGAGLIA, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 92–2033.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 17, 1993.

Decided Oct. 12, 1993.

Philip E. Pitzer, Cincinnati, OH, for petitioner-appellant.

K. Tate Chambers, Asst. U.S. Atty., Peoria, IL, Rodger A. Heaton, Asst. U.S. Atty.,

---

Springfield, IL (argued), for respondent-appellee.

Before RIPPLE and MANION, Circuit Judges, and SHADUR, Senior District Judge.[*]

RIPPLE, Circuit Judge.

John Degaglia appeals the district court's decision to deny his petition filed pursuant to 28 U.S.C. § 2255. For the reasons stated below, we affirm the judgment of the district court.

## I

## BACKGROUND

On March 8, 1989, a jury convicted Mr. Degaglia of conspiring to possess with the intent to distribute cocaine, distributing cocaine, and laundering money. The district court sentenced Mr. Degaglia to ninety-five months' imprisonment, a $75,000 fine, and five years of supervised release. Mr. Degaglia appealed his conviction to this court. He challenged three evidentiary rulings of the district court. On September 13, 1990, we affirmed Mr. Degaglia's conviction. *See United States v. Degaglia*, 913 F.2d 372 (7th Cir.1990).

In November 1991, Mr. Degaglia petitioned the district court for relief pursuant to 28 U.S.C. § 2255. Although Mr. Degaglia mentioned the Fifth and Fourteenth Amendments in passing, his only detailed allegation concerned the Sixth Amendment. Mr. Degaglia submitted that his attorney at sentencing, who no longer represents him, inadequately explained to him the significance of the presentence report and failed to ensure that erroneous information was deleted. Consequently, he contended, the district court sentenced him without having "an accurate understanding of his true involvement in the case." R. 95 at 10. Mr. Degaglia also alleged the court had not complied with the mandate of Federal Rule of Criminal Procedure 32(c)(3)(D) because it did not append a

written record of its findings to the presentence investigation report made available to the Bureau of Prisons.

Mr. Degaglia's § 2255 motion acknowledged that he had spoken with his trial counsel about the presentence report and that his counsel had filed twenty-six objections to the report with the district court. The motion also acknowledged that the district court had considered carefully these objections, had made findings of fact on each objection, had ruled in Mr. Degaglia's favor on six objections, and consequently had reduced Mr. Degaglia's offense level from thirty to twenty-eight. Nevertheless, Mr. Degaglia asserted he was entitled to further relief.

The district court conducted a hearing concerning Mr. Degaglia's petition on April 23, 1992. Mr. Degaglia's counsel repeated his contention that the court had failed to append its findings to the presentence report. The district court responded that a clerk had checked on this matter and had found the court's findings were indeed attached to the presentence report that was included in the record on appeal. A Probation Officer also stated that the court's findings were attached to the Bureau of Prisons' copy of the presentence report. Mr. Degaglia's counsel conceded that this made his argument concerning the Rule 32 violation moot.

Counsel then addressed the ineffective assistance of counsel issue and, for the first time, argued that the court had shifted improperly the burden of proof at sentencing when the government had attempted to increase Mr. Degaglia's sentence based on his role in the offense. The government had alleged that Mr. Degaglia directed and supervised co-defendant Richard Rhoda in distributing cocaine, and that a two-level increase pursuant to United States Sentencing Guideline § 3B1.1[1] was therefore required. At the sentencing hearing, the district court inquired of the government if it wished to present evidence regarding the two-level enhancement. The government responded, "No, your Honor. The government would

---

[*] The Honorable Milton I. Shadur, Senior District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

1. U.S.S.G. § 3B1.1 provides that a defendant's offense level may be increased two levels if the defendant "was an organizer, leader, manager, or supervisor in any criminal activity."

rely upon the evidence at trial in argument." R. 84 at 18. The court then asked Mr. Degaglia's counsel the same question, and the attorney took this opportunity to argue that Mr. Degaglia had not been an organizer of the drug transactions. Later during the hearing, Mr. Degaglia took the stand and testified that he had never supervised or managed Mr. Rhoda.

Mr. Degaglia submits that the government impermissibly shifted the burden of proof regarding the two-level enhancement onto Mr. Degaglia when it failed to present additional evidence. The district court rejected this argument. It noted that the government had the burden of proof on any factor that would aggravate Mr. Degaglia's sentence and that this burden had not shifted. The district court stated it was permissible for the government to rely on trial testimony at sentencing.

The district court found equally unpersuasive Mr. Degaglia's argument, also raised for the first time at the § 2255 hearing, that his counsel at sentencing should have called Rhoda to testify as to Mr. Degaglia's role in the offense. The court pointed out that Mr. Degaglia had no affidavit from Rhoda showing his agreement to testify on Mr. Degaglia's behalf or the content of Rhoda's testimony.

Finally, the district court rejected Mr. Degaglia's argument, mentioned for the first time at the hearing, that it was ineffective assistance of counsel for his lawyer at sentencing to have called Mr. Degaglia to testify at the sentencing hearing. At that hearing, Mr. Degaglia testified to two matters. He addressed whether he was an organizer, leader, manager, or supervisor in criminal activity. He also briefly testified as to whether he had accepted responsibility for his actions. Pursuant to Sentencing Guideline § 3E1.1, Mr. Degaglia could have received a two-level decrease in his offense level had he clearly demonstrated acceptance of responsibility for his criminal conduct. Mr. Degaglia argued in the § 2255 motion that it was ineffective assistance of counsel for his trial lawyer to have called Mr. Degaglia to the stand because Mr. Degaglia's testimony apparently hurt, rather than helped,

his chances to receive this two-level decrease for acceptance of responsibility. Mr. Degaglia had, for instance, refused on cross-examination to name the source of his co-defendant's cocaine. The district court found this argument less than persuasive and stated that Mr. Degaglia's testimony at the hearing had made no difference in its decision not to award Mr. Degaglia the two-level decrease. The court noted that Mr. Degaglia's position "consistently throughout this case was that he absolutely, categorically was not guilty and consequently, whether he testified or not, I don't think there's one chance in ten million that I would have afforded him the downward adjustment for acceptance of responsibility." R. 106 at 15. In short, it was irrelevant to the court that it may have been ineffective counsel to have called Mr. Degaglia to testify at sentencing.

The district court concluded the hearing by denying Mr. Degaglia's § 2255 motion. Mr. Degaglia now appeals the district court's decision.

## II

## DISCUSSION

On appeal, Mr. Degaglia argues that the district court erred in denying his § 2255 motion because (1) his attorney was ineffective at sentencing, and (2) the district court should have required the government to present evidence in support of controverted matters at sentencing. Before addressing these arguments, we must first ascertain the effect of the "cause and prejudice" requirement upon Mr. Degaglia's appeal.

### A. Cause and Prejudice

■ If the petitioner has failed to raise a constitutional challenge to alleged sentencing errors on direct appeal, he may not challenge those errors in a § 2255 proceeding without showing cause for his failure to raise the matter on direct appeal and actual prejudice resulting from the errors of which the petitioner complains. *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982); *Qualls v. United States*, 774 F.2d 850, 851 (7th Cir.1985). The reason for this rule is straightforward. A petitioner

has already had opportunities to object to alleged errors at trial and on direct appeal. Given the reliability of those procedures and the respect due a final judgment, there must be a valid reason to afford petitioner yet another opportunity to plead his case in federal court. *See Frady,* 456 U.S. at 164–65, 102 S.Ct. at 1592–93; *McCleskey v. Zant,* 499 U.S. 467, 492, 111 S.Ct. 1454, 1469, 113 L.Ed.2d 517 (1991) (stating that disrespect for "finality of convictions disparages the entire criminal justice system").

It is unlikely Mr. Degaglia could show cause for his failure to appeal directly at least one of the errors he now alleges. Mr. Degaglia clearly could have made his second argument, regarding the alleged shifting in the burden of proof, on direct appeal. His ineffective assistance of counsel argument is more complicated. Mr. Degaglia was represented by different counsel for trial and direct appeal and, consequently, it would not have been difficult for the appellate lawyer to argue that the trial lawyer had provided ineffective assistance of counsel. *See United States v. Taglia,* 922 F.2d 413, 418–19 (7th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2040, 114 L.Ed.2d 125 (1991). However, different counsel at trial and appeal does not necessarily bar an ineffective assistance of counsel claim that was not raised on direct review. *Bond v. United States,* 1 F.3d 631, 636 (7th Cir.1993). "In that circumstance, we look instead to whether the claim is based on evidence outside the trial record or whether the ineffectiveness is apparent from the trial record or from evidence that is a matter of public record." *Id.* If the claim is based on the record alone, then there is no reason to delay bringing the claim and the claim will be barred if not presented on direct appeal. *Taglia,* 922 F.2d at 418.

■ The issue of whether Mr. Degaglia could show cause for his failure to appeal directly these issues, following the analysis above, was not addressed by the district court. Instead, the court addressed the merits of Mr. Degaglia's claims. The requirement that a petitioner demonstrate both cause and prejudice to overcome procedural default should not be dispensed with lightly. *Cf. Murray v. Carrier,* 477 U.S. 478, 493–95,

106 S.Ct. 2639, 2648–49, 91 L.Ed.2d 397 (1986) (criticizing proposal to focus only on prejudice to petitioner). We have held that the failure to raise issues on direct appeal waives the right to challenge those issues in a § 2255 petition without showing cause and prejudice. *See Reed v. United States,* 985 F.2d 880, 883 (7th Cir.1993); *Liss v. United States,* 915 F.2d 287, 290 (7th Cir.1990); *Qualls,* 774 F.2d at 851; *Norris v. United States,* 687 F.2d 899, 904 (7th Cir.1982). Nevertheless, it is permissible for the court to address the issue of prejudice first when such a course is more expedient. Indeed, in *Frady,* the Supreme Court found it unnecessary to determine whether the petitioner had shown cause that would excuse his failing to object to the alleged trial errors. Instead, the Court focused on whether the petitioner had suffered prejudice from those alleged errors. *Frady,* 456 U.S. at 168, 102 S.Ct. at 1594. We therefore address first the district court's determination that Mr. Degaglia can show no prejudice.

### B. Ineffective Assistance of Counsel

■ Mr. Degaglia contends he was deprived of his Sixth Amendment right to effective assistance of counsel when his former counsel called him to testify at the sentencing hearing. While testifying, Mr. Degaglia invoked his Fifth Amendment right not to incriminate himself and refused to answer certain questions. This invocation, Mr. Degaglia argues, influenced the court when it ruled on whether to reduce Mr. Degaglia's sentence in recognition of his acceptance of responsibility for his crime.

Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order to show ineffective assistance of counsel, the petitioner first must show that his counsel was deficient and, second, must demonstrate this deficient performance prejudiced his defense. *Id.* at 687, 104 S.Ct. at 2064. A counsel's performance is deficient when it falls below "an objective standard of reasonableness" based on "prevailing professional norms." *Id.* at 688, 104 S.Ct. at 2065. The "prejudice" component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."

*Lockhart v. Fretwell,* —— U.S. ——, ——, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993); *see also Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

Even if we were to assume Mr. Degaglia's attorney at sentencing was unreasonable in calling Mr. Degaglia to testify, this "deficient" performance did not change the outcome of the proceeding. The district court explicitly noted that Mr. Degaglia's testimony at sentencing was irrelevant. In order to receive a reduction in his sentence for acceptance of responsibility, Mr. Degaglia had to demonstrate clearly an acceptance of responsibility for his criminal conduct. *See* U.S.S.G. § 3E1.1. In contrast, throughout the proceedings below, Mr. Degaglia maintained his innocence. Indeed, in this § 2255 petition, Mr. Degaglia offered to submit "substantial evidence to prove his true lack of involvement in the activities improperly attributed to him." R. 95 at 9. Therefore, even at this late stage Mr. Degaglia refuses to accept responsibility for his offense. Because Mr. Degaglia has failed to demonstrate prejudice, we need proceed no further in considering his claim of ineffective assistance of counsel. *See Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

### C. Burden of Proof

■ Mr. Degaglia maintains that the district court erred when it allowed the government to support its sentencing position by referring solely to the trial record rather than by introducing additional evidence. Mr. Degaglia contends the district court should have required the government to put forth the exact evidence that supported an enhancement of his sentence. Failing to do so, he claims, violated due process by shifting the burden onto the defendant.

Mr. Degaglia's argument finds no support in the facts or the law. At sentencing, the district court painstakingly went through each of Mr. Degaglia's twenty-six objections and gave both sides an opportunity to present evidence. The government declined the opportunity to introduce additional evidence. Rather, it chose to rest on the trial record. The fact that Mr. Degaglia chose to testify on his own behalf does not constitute an impermissible shifting of the burden to him. It merely shows he took advantage of an opportunity to buttress his arguments, while the government declined a similar opportunity. In short, the government's election to stand on the trial testimony at sentencing, rather than to present additional witnesses, does not offend due process.[2]

### Conclusion

Mr. Degaglia's arguments are without merit. He has shown no prejudice that would support relief. We therefore affirm the district court's denial of Mr. Degaglia's § 2255 petition.

AFFIRMED.

---

**2.** *See United States v. Simpkins,* 953 F.2d 443, 445 (8th Cir.) (permitting the district court to rely on evidence received during trial in making sentencing findings), *cert. denied,* —— U.S. ——, 112 S.Ct. 1988, 118 L.Ed.2d 585 (1992); *United States v. Weston,* 708 F.2d 302, 309 (7th Cir.) (enhancing defendant's sentence on basis of trial testimony), *cert. denied,* 464 U.S. 962, 104 S.Ct. 397, 78 L.Ed.2d 340 (1983); *see also United States v. Pless,* 982 F.2d 1118, 1128 (7th Cir. 1992) (finding no due process violation when trial judge denied defendants opportunity to present testimony on his role in offense and instead relied on evidence produced at trial). *See generally United States v. Westbrook,* 986 F.2d 180, 182–83 (7th Cir.1993) (discussing burden of proof at sentencing).