19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald R. BENNETT, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 92-2970.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 7, 1994.*
Decided March 8, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Donald Bennett appeals the district court's denial of his motion under 28 U.S.C. Sec. 2255 to vacate, set aside or correct his sentence. We affirm.
 
 
 2
 Bennett was convicted of one count of conspiring to take money by force from federally insured banks and savings and loans in violation of 18 U.S.C. Sec. 372, five counts of armed robbery in violation of 18 U.S.C. Sec. 2113(a), and five counts of using a firearm during the commission of a crime of violence in violation of 18 U.S.C. Sec. 924(c). He was sentenced to fifty years in prison, and we affirmed his conviction and sentence on direct appeal. United States v. Bennett, 908 F.2d 189 (7th Cir.1990), cert. denied, 498 U.S. 991 (1990). Bennett argues that his due process rights were violated because he received a "double punishment" by being charged and convicted under both 18 U.S.C. Secs. 924(c) and 2113(a), (d) and because the amendment to 18 U.S.C. Sec. 924(c) providing for enhanced penalties was not effective until after he committed the crimes for which he was convicted.
 
 
 3
 On direct appeal we rejected Bennett's claims as to the appropriate interpretation of "second or subsequent convictions" under Sec. 924.[1] Bennett, 908 F.2d at 194. Pointing to a Tenth Circuit opinion, Bennett urges that we revisit this issue. Under the law of the case doctrine, issues that have been decided on the merits in an earlier phase of a case are the law of the case and are binding on courts confronted with the same issue at a later phase. Shore v. Warden, Stateville Prison, 942 F.2d 1117, 1123 (7th Cir.1991), cert. denied, 112 S.Ct. 1973 (1992); see International Union of Operating Engineers, Local Union 103 v. Indiana Constr. Corp., No. 92-1356, slip op. at 7 (7th Cir. Jan. 4, 1994). This doctrine is applicable to habeas proceedings. Shore, 942 F.2d at 1123. We have addressed and disposed of this issue and therefore we need not re-examine it here.
 
 
 4
 Bennett argues that his sentence was an ex post facto application of Sec. 924(c) because the amendment to this section, providing for enhanced penalties, was not effective until after he engaged in criminal activity. Although Bennett challenged his sentence on direct appeal, the issues raised then differ from the issue presented here. A Sec. 2255 motion may not be utilized to raise constitutional arguments that could have raised on direct appeal. See, e.g., Degaglia v. United States, 7 F.3d 609 (7th Cir.1993). However, constitutional errors may be raised collaterally if the petitioner can demonstrate cause for and prejudice from his procedural default. United States v. Frady, 456 U.S. 152, 166-68 (1982). Bennett cannot make such a showing.
 
 
 5
 Bennett offers no persuasive reason for his failure to raise this issue on direct appeal. He merely contends that his procedural default is waived if the district court does not rely on it and instead addresses the merits of the claims presented in his Sec. 2255 motion. Contrary to Bennett's argument, the district court clearly articulated that without a showing of cause and prejudice Bennett had procedurally defaulted on his claims. The district court merely theorized that even if Bennett had not procedurally defaulted his claims were without merit. The requirement of showing cause and prejudice is not waived.
 
 
 6
 Similarly, Bennett cannot demonstrate prejudice from his procedural default. Bennett contends that the effective date of the amendment to Sec. 924(c) was after the date he committed the crimes. We held in United States v. Chapman, 954 F.2d 1352 (7th Cir.1992), that Sec. 924(c), as amended by Pub.L. No. 98-473, became effective when enacted, October 12, 1984, well before Bennett committed his crimes. Because Bennett has not met his burden of establishing cause and prejudice, we affirm the district court's denial of his Sec. 2255 motion.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Section 924(c) provides that anyone using or carrying a gun during a crime of violence shall be subject to imprisonment for five years, not running concurrently with any other term of imprisonment including that imposed for the original crime of violence. In the event of a defendant's second or subsequent conviction under Sec. 924(c), he shall be sentenced to imprisonment for ten years. 18 U.S.C. Sec. 924(c); Bennett, 908 F.2d at 194