**UNITED STATES of America, Plaintiff,**

v.

**Luis N. VAZQUEZ, Defendant.**

**No. 95 C 5523.**

United States District Court,
N.D. Illinois,
Eastern Division.

April 24, 1996.

Patrick S. Layng, Barry R. Elden, Asst. U.S. Attys., Chicago, IL, for United States.

David S. Mejia, Chicago, IL, for Luis N. Vazquez.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is defendant Luis N. Vazquez's ("Vazquez") motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, the motion is denied.

### I. Discussion

On February 17, 1987, Vazquez and twenty others were indicted on narcotics felonies. On February 24, 1991, a grand jury returned a superseding indictment charging Vazquez and his twenty codefendants with additional violations.

Count One of the superseding indictment charged Vazquez and his codefendants with conspiring to distribute heroin, marijuana, and cocaine in violation of 21 U.S.C. § 846. Vazquez was also charged in Counts 2, 3, 4, and 7 with specific instances of distributing quantities of heroin in violation of 21 U.S.C. § 841(a)(1). Vazquez was also charged in over twenty additional counts with violations of 21 U.S.C. § 843(b). These additional counts charged specific instances of using a telephone to facilitate the distribution of heroin, marijuana, and cocaine.

On or about September 27, 1995, approximately sixty months after he was sentenced and forty-seven months after the Seventh Circuit Court of Appeals affirmed the sentence, Vazquez filed a petition under § 2255. On December 5, 1995, Vazquez filed the instant Amended Petition. He claims the following: 1) because his conviction was based on conduct occurring before November 15, 1988, this court impermissibly sentenced him to a sentence that including a term of supervised release (Ground Five); 2) his "double jeopardy protection was violated by the prosecution's obtaining his conviction and sentence while, in a collateral administrative and civil proceeding, forfeiting property of the defendant" (Ground Six); and (3) he was a victim of extraordinarily excessive fines and constitutionally excessive disparate punishment. In response, the government argues that these allegations are without merit. The government points out that some allegations have been rejected by this court and/or the Seventh Circuit; others are not supported by the evidence or by law; and still others are simply frivolous.

After pleading not guilty on February 18, 1988, Vazquez pled guilty to all twenty-seven counts on November 23, 1988. On September 26, 1990, Vazquez filed his motion to correct the Presentence Investigation Report ("PSI") and on November 8, 1990, Vazquez filed the PSI as an Appendix to this motion. On November 9, 1990, the court sentenced Vazquez to: (1) five years incarceration on Counts 2 and 3, (2) four years incarceration on Counts 8, 13, 21, and 30, and (3) 192 months on the remainder of the counts. All sentences were subject to the Sentencing Guidelines and were to run concurrently. The court also imposed a mandatory $3,000,-

000 fine, a special assessment of $1,300 and concurrent terms of supervised release.

On November 16, 1990, Vazquez timely filed his notice of appeal and challenged his sixteen-year sentence, contending that the government breached an unwritten promise to submit a motion for a sentence below the applicable Guidelines range because of Vazquez's "substantial assistance." On October 11, 1991, the Seventh Circuit Court of Appeals affirmed Vazquez's sentence. The Seventh Circuit held, in part, that the government agreed to inform the sentencing court of the cooperation Vazquez provided and that the sentencing transcript of Vazquez's sentencing hearing clearly evidenced the government's fulfillment of that agreement. *United States v. Rosa*, 946 F.2d 505, 509–510 (7th Cir.1991).

## II. *Discussion*

### A. *Waiver*

■■■ The court finds that every contention cited by Vazquez in his petition is devoid of merit and, accordingly, summarily denies the petition. Habeas corpus relief under 28 U.S.C. § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States*, 940 F.2d 215, 217 (7th Cir.1991) (quoting *Carreon v. United States*, 578 F.2d 176, 179 (7th Cir.1978)). The court rules that Vazquez's claims, raised for the first time in a petition pursuant to 28 U.S.C. § 2255, are barred by his failure to raise them on direct appeal. Failure to raise a constitutional challenge at trial or on direct appeal bars a defendant from raising such issues in a federal habeas proceeding absent a showing of cause for the procedural default and actual prejudice resulting therefrom. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Norris v. United States*, 687 F.2d 899 (7th Cir.1982). The failure of a petitioner to establish either cause or prejudice requires dismissal of his habeas petition. *Buelow v. Dickey*, 847 F.2d 420, 425 (7th Cir.1988), *cert. denied*, 489 U.S. 1032, 109 S.Ct. 1168, 103 L.Ed.2d 227 (1989). *Belford v. United States*, 975 F.2d 310, 313 (7th Cir.1992) ("a section 2255 motion cannot raise ... constitutional issues that were not

raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice resulting from the failure to appeal.").

Vazquez may not challenge alleged sentencing errors in this § 2255 proceeding unless he can show cause for his failure to raise the matter on direct appeal and actual prejudice from the errors of which he complains. *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir.1993). The government argues that in *Degaglia*, the defendant raised three evidentiary issues on his direct appeal after a narcotics conviction. Over a year after his conviction was confirmed, Degaglia filed a § 2255 petition in which he raised several sentencing issues for the first time. Degaglia, like Vazquez, did not show good cause for his failure to raise the issues earlier, and did not show resulting actual prejudice. The Court of Appeals denied Degaglia's relief, because of his failure to show actual prejudice and because his arguments were without merit.

In its response, the government cites to transcripts of Vazquez's sentencing hearing, at which time the court went to great lengths to assure that Vazquez's sentencing rights were protected. Vazquez was represented by his present counsel at that hearing. Through his attorney, Vazquez raised some of the same sentencing complaints to which he cites in the instant petition. The court notes that Vazquez's present attorney is the same attorney that represented him at sentencing.

The government argues that this court should dismiss Vazquez's claims as waived because of Vazquez's failure to raise them at the time of sentencing or on direct appeal. The court agrees; the Seventh Circuit has frequently expressed that a § 2255 petition "will not be allowed to do service for an appeal." *See, e.g., Johnson v. United States*, 838 F.2d 201, 202 (7th Cir.1988); *Theodorou v. United States*, 887 F.2d 1336, 1339–40 (7th Cir.1989).

The court rules that, similar to the defendant in *Degaglia*, Vazquez failed to cite "good cause" for failing to pursue these sentencing claims on his direct appeal. Vazquez's present attorney represented Vazquez at the time of his arrest, during his guilty plea, at his

sentencing and on appeal. Vazquez's excuse—that he did not raise these sentencing claims before the Seventh Circuit because he instead sought equity, i.e. enforcement of his plea bargain—is irrational and without merit.

The government argues and the court agrees that, in matters pertaining to sentencing issues, the United States Supreme Court has indicated that the time to complain is at sentencing and on direct appeal. *Theodorou,* 887 F.2d at 1339 n. 4 (quoting *United States v. Benchimol,* 471 U.S. 453, 457, 105 S.Ct. 2103, 2105–06, 85 L.Ed.2d 462 (1985) (per curiam) (Steven, J., concurring)). Vazquez did not do so; instead, Vazquez waited almost sixty months, or five years, after his sentencing to bring the instant sentencing issues before the court. Vazquez fails to explain his failure to follow appropriate appellate procedures and simply cites to equity maxims. Vazquez's claims, aside from being without merit, should be barred because of his failure to raise them on his direct appeal.

### B. Lack of Merits

The court finds that even if Vazquez's claims were not barred by his failure to raise them before or at the time of his sentencing, or in his direct appeal, it would still reject the claims based on their merits. The court rules that Vazquez was properly sentenced in accordance to the appropriate Sentencing Guidelines.

### 1. Grounds One through Four

The court granted Vazquez's request to voluntarily dismiss Grounds One, Two, Three and Four. The other three arguments that Vazquez makes in this petition are equally frivolous and should be dismissed.

### 2. Ground Five

 Vazquez first contends that his sentence, which included a term of supervised release, was statutorily impermissible because he was convicted of a narcotics conspiracy based on conduct that occurred before November 15, 1988. Vazquez's contention is without merit. In *United States v. Paiz,* 905 F.2d 1014, 1031 (7th Cir.1990), the Seventh Circuit held that "term[s] of supervised release" shall not be imposed for § 841(b)

crimes committed before November 1, 1987. Vazquez was actively involved in his narcotics organization from 1987 through February of 1988.

### 3. Ground Six

 Vazquez next contends that his "double jeopardy protection was violated by the prosecution's obtaining his conviction and sentence while, in a collateral administrative and civil proceeding, forfeiting property of the defendant." This contention is also without merit. Vazquez did not state in his petition that he had contested the administrative and/or civil proceeding. If Vazquez did not contest the forfeiture proceeding, he was not made a party to that proceeding. In *United States v. Torres,* 28 F.3d 1463, 1466 (7th Cir.1994), the Seventh Circuit held that an individual can not be placed in jeopardy by a forfeiture proceeding where he fails to contest the forfeiture in the forfeiture proceeding. *See also United States v. Vega,* 72 F.3d 507, 513 (7th Cir.1995); *United States v. Ruth,* 65 F.3d 599, 602 (7th Cir.1995). Because Vazquez did not contest the civil forfeiture proceeding, and thus was not a party, he was not put in jeopardy by that proceeding. Simply put, "[y]ou can't have double jeopardy without a former jeopardy." *Torres,* 28 F.3d at 1465. *See United States v. Benson,* No. 95 C 1458, slip op. at 6, 1996 WL 207249 *3 (N.D.Ill. Apr. 16, 1996) (Norgle, J). And, assuming *arguendo* that Vazquez did dispute the forfeiture, he still waived that claim by not presenting it in his direct appeal.

### 4. Ground Seven

Finally, Vazquez contends he was excessively fined $3,000,000, in that he was fined $1,000,000 on Count Two and $2,000,000 on Count Three. Vazquez contends that this constituted an impermissible double punishment. He complains that he suffered from constitutionally excessive punishment disparate to that of his codefendant brother, Jose Jaime Vazquez. Vazquez makes the argument that, for very similar conduct he received sixteen years and a $3,000,000 fine while his brother was sentenced to ten years and no fine.

■ Vazquez's arguments are without merit. The court imposed the $1,000,000 and $2,000,000 fines as required by the Sentencing Guidelines. Both Counts Two and Three carry mandatory fines in those amounts. Moreover, the court notes the differences between Vazquez's involvement and that of his brother. While Vazquez's brother was a participant, Vazquez was at the center of a narcotics distribution network dealing in multiple kilograms of high-grade heroin, cocaine, and marijuana in the Northern District of Illinois. At the sentencing hearing, Luis Vazquez made no claim that his brother, Jose Vazquez, was a major actor in the conspiracy nor did he raise an issue of the relative culpability between the brothers. The Vazquez organization was based at the El Sarape Restaurant, 1347 S. Michigan Avenue, Chicago, Illinois, and supplied controlled substances to major distributors in the various communities in Chicago. Court-authorized wiretaps gave a true picture of the tremendous volume of narcotics that the Vazquez organization distributed. In excess of 4,000 telephone calls were intercepted between December 10, 1987, and February 1988. Between 100–150 narcotics conversations were intercepted with Luis Vazquez as a participant. The evidence clearly showed that Jose Jaime Vazquez and the other defendants were subservient to defendant Luis Vazquez.

All of the codefendants were sentenced after extensive hearings. The court considered matters in aggravation and mitigation as to each defendant and the relative culpability and financial backgrounds of each defendant. This court waived a fine as to some of the defendants who showed an inability to pay. Vazquez could have been sentenced to 284 years in prison and fines of up to $10,630,000 under the statutes that he was convicted. The substantial monetary penalty that the court did impose is justified by the potential for a subsequent recovery of drug-related proceeds given the breadth of the conspiracy still remains. Vazquez's sentence was within the applicable range dictated by both the statutes involved and the Sentencing Guidelines. Vazquez could have appealed the fine, but failed to do so. As stated above, Vazquez's present attorney was Vazquez's sentencing and appellate attorney.

### III.

In conclusion, the court finds that Vazquez waived the instant claims by failing to raise them to this court before or after his sentencing and by neglecting to raise them to the Seventh Circuit Court of Appeals on his direct appeal. Nevertheless, even if the court had found Vazquez was entitled to raise the claims, it would still have denied Vazquez's motions on the merits. Accordingly, the court denies Vazquez's motion to vacate, correct or set aside his sentence.

IT IS SO ORDERED.