**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 25-11789

Non-Argument Calendar

————————————————

ABDUR-RAHIM DIB DUDAR,

*Plaintiff-Appellant,*

*versus*

STATE FARM FIRE & CASUALTY INSURANCE COMPANY,

*Defendant-Appellee.*

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-01480-WMR

————————————————

Before JORDAN, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Abdur-Rahim Dib Dudar, a *pro se* plaintiff, appeals the denial of his motions for reconsideration related to the district court's

grant of summary judgment to State Farm Fire and Casualty Company. After careful review of the record and the parties' briefs, we affirm.

## I

Mr. Dudar originally filed this action in the Superior Court of Gwinnet County, Georgia, alleging that State Farm's denial of two claims for storm-related water damage to his roof and deck breached the terms of his insurance policy. *See* D.E. 1-1 at 5–8. State Farm removed the case to the Northern District of Georgia based on diversity jurisdiction. *See* D.E. 1 at 3–4.

At the close of discovery, Mr. Dudar and State Farm each moved for summary judgment. *See* D.E. 39, 41. The district court determined that the damage to the roof and deck was caused by rotting. *See* D.E. 48 at 6. The rotting was caused by a combination of defective building design—the property's roof did not contain an adequate slope to displace water—and accumulated water damage from years of storms. *See id.* Mr. Dudar discovered the deterioration of the roof when making repairs in advance of a coming storm. *See id.* at 7. During that storm, water flowed into the rotted roof and caused further damage. *See id.* As to the deck, the building's defective design caused penetrating water to rot the supporting wall and band joists over time. *See id.* at 7–8. The rotting caused the deck to collapse during State Farm's inspection. *See id.* at 8.

The district court granted summary judgment to State Farm. *See id.* at 2. It concluded that Mr. Dudar's losses were excluded by the "Losses Not Insured" provision, of the policy, which

stated that State Farm would not cover losses caused by deterioration, inherent vice, or rot. *See id.* at 11. Nor were those losses covered by the "Collapse" provision because Mr. Dudar failed to prove that the damage was "caused only by" one of the specified causes in that provision. *See id.* at 14–15. The court further concluded that no other provision covered the roof and deck claims. *See id.* at 20–23. Accordingly, the court determined that State Farm was entitled to summary judgment. *See id.* at 25.

## II

On March 14, 2022, Mr. Dudar moved for reconsideration under Federal Rule of Civil Procedure 59(a)(1)(B) and 60(b). *See* D.E. 50. In his motion, Mr. Dudar restated many of the prior factual allegations and arguments that he made in his summary judgment motion and continued to maintain that his losses were "accidents" covered by the policy. *See id.* at 5–13.[1]

The district court construed Mr. Dudar's motion as one brought under Rule 59(e), Rule 60(b), and Local Rule 7.2(E). *See* D.E. 53 at 2–3. The court explained that Rule 59(e) and Local Rule 7.2(E) both require that motions be filed with the clerk of court within 28 days of the entry of judgment. The court noted that Mr. Dudar filed his motion 37 days after judgment, and concluded that

---

[1] Rule 59(a)(1)(B) allows for a court to grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). Judgment was entered in this case following the district court's ruling on State Farm's motion for summary judgment and not a trial, so Rule 59(a)(1)(B) is inapplicable.

his motion was therefore untimely. *See id.* at 3–5. The court further determined that because Mr. Dudar did not specify which subsections of Rule 60(b) applied to his motion, the court construed it as one made under 60(b)(6), which allows the court to relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). *See id.* at 5. The court concluded that Mr. Dudar had repackaged the same facts alleged in prior filings and failed to demonstrate any exceptional circumstances that warranted relief, and denied the motion. *See id.* at 6–7.

On November 4, 2024, Mr. Dudar filed a second motion for reconsideration. *See* D.E. 54. He argued that the district court erred in denying his first motion as untimely and that any delay in filing was the fault of the postal service. *See id.* at 1–2. Relying on Rule 60(a), Mr. Dudar requested that the court correct the filing date of his first motion to February 26, 2024, which he claimed is the date he mailed it. *See id.* at 2–3. He then restated many of his prior factual allegations and labeled them as "new evidence." *See id.* at 4–5.

The district court denied Mr. Dudar's second motion. *See* D.E. 57. First, it reiterated that the initial motion for reconsideration was untimely. *See id.* at 4–5. Second, it concluded that Mr. Dudar failed to present any newly discovered evidence that would justify reconsideration of its summary judgment order. *See id.* at 5. Finally, it determined that Mr. Dudar's arguments were precluded by Rule 60(b) because they could be raised on direct appeal. *See id.* at 7. The district court explained that even if the arguments had

been properly raised, they were simply another attempt to relitigate old facts. *See id*. Mr. Dudar appealed.

On August 13, 2025, we dismissed part of Mr. Dudar's appeal *sua sponte*. *See* D.E. 62 at 2. We construed the notice of appeal liberally and determined that he sought review of the summary judgment order and the two orders denying his motions for reconsideration. *See id.* We concluded that his appeal challenging the summary judgment order entered on February 6, 2024, was untimely, and we therefore lacked jurisdiction to review it. *See id*. The notice of appeal challenging the two orders denying his motions for reconsideration, however, was timely and we thus limited our review to those orders. *See id*. We later denied Mr. Dudar's motion to reconsider our partial dismissal of his appeal. *See* D.E. 63.

## III

Mr. Dudar has forfeited his argument that the district court abused its discretion as to his motions for reconsideration by failing to argue it in his opening brief. In that brief, Mr. Dudar challenged only the merits of the summary judgment order and argued that State Farm should be estopped from denying his two claims and that it waived any right to strictly enforce the policy provisions. *See generally* Appellant's Br. at 7, 13. His reply brief pointed to State Farm's knowledge of the property's design, its alleged bad faith, and its purportedly fraudulent conduct as "new evidence" justifying relief. *See id* at 8–9. He argued that the district court abused its discretion by failing to consider that evidence before denying his motions. *See id*. at 9.

"[W]e liberally construe pro se pleadings and hold them to 'less stringent standards' than we apply to formal pleadings that lawyers draft." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). That said, we do not "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Id.* (citation omitted). And even though "we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (internal citations omitted). This includes "arguments raised for the first time in a *pro se* litigant's reply brief." *Id.* (citing *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003)).

Because Mr. Dudar did not argue that the district court abused its discretion in his opening brief and only raised it for the first time in his reply brief, he has forfeited the issue. *See* Appellant's Reply Br. at 8. Normally, this would obviate the need to review Mr. Dudar's other arguments but because he proceeds *pro se*, we do so anyway.

## IV

"We review the denial of a Rule 59(e) motion for abuse of discretion." *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023) (citing *Auto. Alignment & Body Serv. v. State Farm Mut. Auto Ins.*, 953 F.3d 707, 719 (11th Cir. 2020)). Abuse-of-discretion review also applies to motions for reconsideration. *See Florida Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1216 (11th Cir. 2000); *Arthur v. Thomas*, 739

F.3d 611, 628 (11th Cir. 2014) (citing *Howell v. Sec'y, Fla. Dep't of Corr.*, 730 F.3d 1257, 1260 (11th Cir. 2013)).

## A

Mr. Dudar's first motion for reconsideration to challenge the summary judgment order was untimely. Rule 59(e) requires that motions to alter a judgment be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A motion for reconsideration brought under Local Rule 7.2(E) must be "filed with the clerk of court within twenty-eight (28) days after entry of the order or judgment." N.D. Ga. Civ. R. 7.2(E). The district court entered summary judgment for State Farm on February 6, 2024. *See* D.E. 48. Mr. Dudar filed his first motion for reconsideration on March 14, 2024, which was 37 days later. *See* D.E. 50. The court therefore did not abuse its discretion in denying that motion as untimely.

## B

"Rule 59(e) allows courts to alter judgments only where there is 'newly-discovered evidence or manifest errors of law or fact.'" *EEOC v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1349 (11th Cir. 2016) (quoting *Arthur*, 500 F.3d at 1343). Such motions may not be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005) (citing *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)). Similarly, Local Rule 7.2(E) provides that "[w]henever a party . . . believes it is absolutely necessary to file a motion to reconsider an order or

judgment, the motion shall be filed with the clerk of court . . . ."
N.D. Ga. Civ. R. 7.2(E).

The district court did not abuse its discretion in denying Mr. Dudar's motions under Rule 59(e) and Local Rule 7.2(E). In his motion for reconsideration under Rule 59(e), Mr. Dudar relitigated issues that had already been decided at summary judgment—i.e., that State Farm acted in bad faith, that the damage to his property was due to stormwater, and that the damage was covered by the policy. *See* D.E. 50 at 2–3. Parties cannot use a Rule 59(e) motion to simply relitigate old matters. *See Michael Linet, Inc.*, 408 F.3d at 763. To the extent Mr. Dudar disagreed with the district court's treatment of certain facts and its legal conclusions at summary judgment, his first motion was properly denied. And with respect to his arguments brought under Local Rule 7.2(E), Mr. Dudar offered no newly discovered evidence, intervening changes in law, or a need to correct a clear error of law or fact. The court therefore did not abuse its discretion in denying Mr. Dudar's motions under Rule 59(e) and Local Rule 7.2(E).

Mr. Dudar's second motion for reconsideration fares no better. He asserted that State Farm should be estopped from denying his claim because it accepted premium payments for ten years, acted in bad faith to defraud him, and knew of the property's defective design before he submitted the roof and deck claims. *See* D.E. 54 at 4–5. The district court denied his motion because Mr. Dudar failed to present any facts that had not already been litigated and otherwise failed to demonstrate why the court should alter its

judgment. *See* D.E. 57 at 5. We agree that Mr. Dudar has failed to present "newly-discovered evidence or manifest errors of law or fact," *Arthur*, 500 F.3d at 1343, and because he could have raised his argument for estoppel and claims of bad faith and fraud earlier, *see St. Joseph's Hosp.*, 842 F.3d at 1349, we cannot say the district court abused its discretion in denying his motion.

## C

The second motion for reconsideration also cited Rule 60(b) but Mr. Dudar failed to specify which provision of Rule 60(b) he was seeking relief under. *See* D.E. 50 at 1. Accordingly, the district court construed his motion as brought under Rule 60(b)(1), (b)(2), (b)(3), and (b)(6).

Rule 60(b)(1) permits a court to relieve a party from final judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Mr. Dudar argued that because he mailed his first motion on February 26, 2024, before the 28 days had expired, he was entitled to relief based on "excusable neglect." *See* D.E. 56 at 2. He also argued that Rule 60(b)(1)'s "surprise" provision applied to his argument for estoppel and claim of bad faith. *See id.* The district court properly rejected these arguments because Mr. Dudar provided no evidence explaining any issue with his mailing such that his late filing would qualify as excusable neglect. *See id.* As a result, the district court did not abuse its discretion in denying this motion.

Rule 60(b)(2) permits a court to relieve a party from final judgment if the party presents "newly discovered evidence that,

with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Mr. Dudar argues that State Farm should be estopped from denying his coverage and labels this assertion as "new evidence." Evidence is "[s]omething . . . that tends to prove or disprove the existence of an alleged fact." Black's Law Dictionary 696 (12th ed. 2024). The legal principle of estoppel is not evidence but rather an equitable doctrine that can be invoked at a court's discretion to prevent the perversion of the judicial process. *See Ajaka v. Brooksamerica Mortg. Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006). The district therefore did not abuse its discretion by not considering Mr. Dudar's estoppel argument as "new evidence."

"Rule 60(b)(3) allows a court to grant relief from a final judgment if the moving party proves by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000). Mr. Dudar has consistently accused State Farm of fraud and bad faith throughout this litigation. *See e.g.*, D.E. 56 at 2; D.E. 54 at 4; D.E. 50 at 11. But he has never established that State Farm obtained a final judgment through "fraud, misrepresentation, or other misconduct" by presenting evidence beyond his conclusory assertions that State Farm's denial of his claims was fraudulent. Accordingly, the district court did not abuse its discretion in denying his motion under Rule 60(b)(3).

Rule 60(b)(6) is a catch-all provision, authorizing the district court to relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). We have held that Rule 60(b)(6) motions "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief.'" *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)). Mr. Dudar argued that the damage to the roof and deck were "accidents" covered by the policy, and that summary judgment for State Farm was erroneously granted. The district court reasoned that because Mr. Dudar's argument was a rehashing of previously rejected theory it did not present the sort of extraordinary circumstances that warrant vacatur. *See* D.E. 57 at 7. We detect no abuse of discretion on the court's part in reaching this conclusion.

## V

Mr. Dudar forfeited his challenge to the denial of his motions for reconsideration by not raising it in his opening brief. In any event, we discern no abuse of discretion by the district court in denying Mr. Dudar's motions for reconsideration and therefore affirm.

**AFFIRMED.**