81 F.3d 163
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dante AUTULLO, Petitioner-Appellant,
v.
UNITED STATES, Respondent-Appellee.
 Nos. 93-3713, 93-3773 and 95-2439.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 27, 1996.
Decided March 29, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 On December 1, 1988, Dante Autullo was charged in a forty-nine count indictment with participating in a large scale cocaine distribution network that operated primarily in the southwestern suburbs of Chicago from 1985 through 1988. Autullo functioned as a multi-kilogram supplier of cocaine and was charged, in six counts of the indictment, for conspiracy, 21 U.S.C. § 846, possession with the intent to distribute cocaine and distribution of cocaine, 21 U.S.C. § 841(a)(1), and tax evasion, 26 U.S.C. § 7201. The indictment additionally alleged criminal forfeiture of cash and property against Autullo, 21 U.S.C. § 853(a). On January 17, 1989, pursuant to a written plea agreement, Autullo pleaded guilty to Counts Sixteen and Twenty-Three (possession with intent to distribute and distribution of cocaine) and Forty-One (tax evasion). Only the tax count, Count Forty-One, was a guideline count. The three remaining counts against Autullo were dismissed.
 
 
 2
 On May 23, 1989, Autullo was sentenced to a term of fifteen-years imprisonment on Count Sixteen, twenty-years imprisonment on Count Twenty-Three, and two-years imprisonment on Count Forty-One. All sentences were to run concurrent to each other. The fifteen-year sentence on Count Sixteen was non-parolable, 21 U.S.C. § 841(b)(1)(B). The district court imposed a four-year term of supervised release to follow his sentences. As part of his plea agreement, Autullo agreed to the forfeiture of a restaurant, and a cash forfeiture of $25,000 for each kilogram of cocaine he possessed and distributed; the exact number of kilograms of cocaine to be determined by stipulation and agreement between the government, Autullo, and his attorney. After sentencing, Autullo filed a motion for reduction of sentence under Fed.R.Crim.P. 35. This motion was denied on October 13, 1989. No direct appeal was filed.
 
 
 3
 Thereafter, Autullo filed three petitions collaterally attacking his sentence pursuant to 28 U.S.C. § 2255. Each petition was denied by the district court without a hearing. This consolidated appeal follows. We affirm.
 
 I. Appeal No. 93-3713
 
 4
 In appealing the district court's denial of his first petition, Autullo raises the following claims: trial counsel's ineffective assistance rendered his plea unknowing and involuntary; the presence of co-defendant Nick Ahrens at the plea hearing served to confuse Autullo regarding the sentencing implications of his plea; the government breached the terms of the plea agreement; the district court and trial counsel failed to advise him of his right to appeal; and the cash forfeiture terms of the plea agreement deprived Autullo of property without due process. The government argues that Autullo is barred from review for his failure to raise any of the issues set forth in his § 2255 petition on direct appeal. Indeed, Autullo did not raise any of these claims on direct appeal--no direct appeal was ever filed. Hence, Autullo must demonstrate "both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise th[ese] claims...." McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir.1996). Since it would be more expedient to find Autullo's claims procedurally barred for lack of prejudice, we will address the issue of prejudice first. Degaglia v. United States, 7 F.3d 609, 612 (7th Cir.1993).
 
 A. Ineffective Assistance of Trial Counsel
 
 5
 Autullo points to numerous errors allegedly committed by his trial attorney. The government argues that Autullo's claims of attorney error are unsupported and speculative. Indeed, since the district court did not grant Autullo an evidentiary hearing, there are only his sworn allegations to support his claim of ineffectiveness.
 
 
 6
 As we have held, "[a] district judge need not grant an evidentiary hearing in all § 2255 cases. Such a hearing is not required if 'the record standing alone conclusively demonstrates that a petitioner is entitled to no relief.' " Daniels v. United States, 54 F.3d 290, 293 (7th Cir.1995) (quoting Humphrey v. United States, 896 F.2d 1066, 1070 (7th Cir.), cert. denied, 498 U.S. 938 (1990)). "Mere unsupported allegations cannot sustain a petitioner's request for a hearing." Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir.1989). Hence, "in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner has actual proof of the allegations...." Barry v. United States, 528 F.2d 1094, 1101 (7th Cir.) (footnotes omitted), cert. denied, 429 U.S. 826 (1976).
 
 
 7
 Most of Autullo's allegations are based on speculation or are conclusory. However, accompanying Autullo's petition is his own affidavit wherein he swears to the following: counsel told him that his sentence would not exceed twelve years; counsel instructed him that his plea would not be accepted unless he responded to the judge's questions at the plea hearing in the affirmative; and immediately before sentencing, when Autullo informed counsel that he no longer wished to plead guilty, counsel told him that it was too late.
 
 
 8
 "[I]n order to show ineffective assistance of counsel, the petitioner first must show that his counsel was deficient and, second, must demonstrate this deficient performance prejudiced his defense." Degaglia, 7 F.3d at 612. "A counsel's performance is deficient when it falls below 'an objective standard of reasonableness' based on 'prevailing professional norms.' " Id., 7 F.3d at 612 (quoting Strickland v. Washington, 466 U.S. 668 (1984)). To demonstrate this prejudice within the context of a guilty plea, "a defendant must show that 'counsel's constitutionally defective performance affected the outcome of the plea process. In other words, ... the defendant must show that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.' " United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir.1990) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (brackets in original). "A mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice." Id. (citing Key v. United States, 806 F.2d 133, 139 (7th Cir.1986)).
 
 
 9
 Autullo's affidavit does not support his claim that counsel's errors caused him to plead guilty rather than proceed to trial. In his affidavit, Autullo states that counsel told him that his sentence would not exceed twelve years and that the first time his counsel told him otherwise, his plea had already been entered. However, Autullo does not state that counsel told him to ignore the terms of the plea agreement or the district court's questioning at the plea hearing. Autullo was fully informed in both the plea agreement and at the plea hearing that the total potential sentence he could receive was 65 years, that the government could recommend whatever sentence it deemed appropriate, and that there were no promises regarding the sentence he would receive. Additionally, at the plea hearing, Autullo stated that counsel's performance was adequate, his plea was voluntary, and there were not any outside promises regarding his sentence. Considering the clear terms of the plea agreement and the thorough plea colloquy, we cannot say that counsel's alleged statement, that Autullo's sentence would not exceed twelve years, affected the voluntariness of Autullo's plea.
 
 
 10
 In his affidavit, Autullo also provides that his attorney told him that the district court would not accept his plea unless he responded to the judge's questions at the plea hearing in the affirmative. Such a statement, however, is accurate. If a defendant, from his responses at the plea hearing, indicates that his plea is not knowing or involuntary, the plea will not be accepted. Finally, Autullo states that when he informed his counsel that he wanted to withdraw his plea at sentencing, his attorney told him it was too late. He does not indicate, however, that there would have been any grounds for withdrawing his guilty plea at this time.
 
 
 11
 Autullo's affidavit does not warrant an evidentiary hearing. Autullo's claim of ineffective assistance is without merit.
 
 
 12
 B. Co-Defendant's Presence at Plea Hearing and Government's
 
 Breach of Plea Agreement
 
 13
 Autullo next argues that the presence of his co-defendant at his plea hearing confused him, and that the government breached the plea agreement.
 
 
 14
 Autullo's plea hearing was conducted in the presence of a co-defendant, Nick Ahrens, who was also pleading guilty. Autullo argues that Ahrens' presence at the hearing confused him, and that he was led to believe that his aggregate sentence would be similar to Ahrens'. We disagree. At the hearing, the government stated that it would recommend an aggregate sentence of eight years and five months for Ahrens. Later in the hearing, the district court informed Autullo that his sentence for tax evasion (Count Forty-One) would be similar to the sentence that Ahrens would likely receive for tax evasion, which was 31-41 months' imprisonment. Clearly, the district court's reference to a similarity in sentences between Autullo and Ahrens concerned the tax count only.
 
 
 15
 Autullo additionally argues that the government breached the plea agreement. At sentencing, the government advised the probation officer of criminal activity outside of the events charged in the counts to which Autullo pleaded guilty. There is, however, no provision in the plea agreement limiting the sentencing information provided by the government. Hence, the agreement was not breached.
 
 C. Failure to Advise of Right to Appeal
 
 16
 Autullo complains that both the district court and his trial counsel failed to advise him of his right to appeal as required by Fed.R.Crim.P. 32(c)(5). This, he argues, requires that his sentence be vacated and his right to appeal be reinstated. Since, however, this claim was not raised in his § 2255 petition, it has been waived. Borre v. United States, 940 F.2d 215, 224 (7th Cir.1991).
 
 D. Criminal Forfeiture
 
 17
 Finally, Autullo challenges the district court's entry of judgment of criminal forfeiture in the amount of $1,000,000. To this point, Autullo first argues that the government did not send him notification of forfeiture. However, the record clearly indicates that Autullo received proper notice. The government filed a motion requesting judgment of forfeiture, and Autullo, represented by counsel, responded to the government's motion.
 
 
 18
 Autullo additionally argues that the amount of the cash forfeiture should have been based on profits rather than proceeds. 21 U.S.C. § 853(a)(2) provides for forfeiture of "[a]ny of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation...." Autullo's forfeiture of $1,000,000 was based on the cash value of the cocaine that he distributed in 1986 and 1987. This was authorized under the criminal forfeiture statute.
 
 
 19
 Autullo also maintains that the government never allowed the district court to make the necessary findings regarding the amount of the cash forfeiture for his drug sales as provided for under the plea agreement. The plea agreement provided for forfeiture of $25,000 for each kilogram of cocaine possessed and distributed by Autullo; the exact number of kilograms to be later determined by stipulation and agreement. If an agreement could not be reached, the plea agreement provided that the amount of forfeiture would be determined by way of a bench trial.
 
 
 20
 At some point after receiving his sentence, the government sent Autullo (who was still represented by counsel) a motion and proposed order for forfeiture in the amount of $1,000,000 as well as an affidavit for Autullo to execute to serve as a factual basis for the forfeiture amount. Although Autullo signed the affidavit, he never signed the stipulated forfeiture order. Nonetheless, in the affidavit, Autullo agreed to the forfeiture of $1,000,000, or 40 kilograms at $25,000 per kilogram ($1,000,000/$25,000). Autullo does not challenge the validity of his affidavit. Nor does he argue that his failure to sign the forfeiture order served to revoke his assent to the entry of forfeiture as set forth in his affidavit. Accordingly, Autullo's forfeiture was proper.[1]
 
 
 21
 The district court did not err in granting the government's motion for judgment of forfeiture and denying Autullo's first § 2255 petition without a hearing.
 
 II. Appeal Nos. 93-3773 and 95-2439
 
 22
 In appealing the district court's denial of both his second and third § 2255 petitions, Autullo raises the same claim--whether the government's withholding of exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963) requires that his guilty plea be set aside.[2] Hence, the merits of each appeal will be discussed together.
 
 
 23
 Preliminarily, we note that Autullo failed to raise this challenge to his guilty plea on direct appeal and, therefore, he has procedurally defaulted on this claim. McCleese, 75 F.3d at 1177. However, since the government does not argue procedural default, it has waived Autullo's waiver. Fagan v. Washington, 942 F.2d 1155, 1157 (7th Cir.1991).[3] Accordingly, we will proceed to the merits.
 
 
 24
 Essentially, Autullo maintains that the government withheld exculpatory information from him in the form of "undisclosed special favors" provided to five prospective government witnesses--James Zitnik, Daniel Joyce, Anthony Ronzio, Nicholas Ahrens, and Ramond Bonnema. Autullo argues that the prosecution's failure to inform him that these potential witnesses were receiving special favors and tested positive for drug use, which he claims was in violation of Brady, rendered his plea unknowing and involuntary. He maintains that had he been fully informed, he would not have pleaded guilty.
 
 
 25
 "Once a plea of guilty has been entered, non-jurisdictional challenges to the constitutionality of the conviction are waived and only the knowing and voluntary nature of the plea may be attacked." United States v. Brown, 870 F.2d 1354, 1358 (7th Cir.1989). Although the Seventh Circuit has not yet ruled on the issue, United States v. Nash, 29 F.3d 1195, 1202 n. 5 (7th Cir.1994), several circuits have held that Brady may be invoked to challenge the voluntariness of a guilty plea. See United States v. Wright, 43 F.3d 491, 494-96 (10th Cir.1994); Tate v. Wood, 963 F.2d 20, 24-26 (2d Cir.1992); White v. United States, 858 F.2d 416, 421-22 (8th Cir.1988); Campbell v. Marshall, 769 F.2d 314, 318-24 (6th Cir.1985), cert. denied, 498 U.S. 1029 (1986). In these cases, even if a Brady violation is established, post-conviction relief would clearly be the exception. As these circuits have aptly observed, the nondisclosure of evidence must have a real impact on the defendant's decision to plead guilty in order to warrant such relief. Wright, 43 F.3d at 496; Tate, 963 F.2d at 24; White, 858 F.2d at 422; Campbell, 769 F.2d at 324. That is, the defendant must show that disclosure of the evidence withheld in violation of Brady would have caused him to plead not guilty.
 
 
 26
 Nonetheless, we need not decide whether to adopt the reasoning of our sister circuits on this issue. Assuming, without deciding, that Brady may be invoked to challenge the voluntariness of a guilty plea, and assuming the alleged Brady violations against Autullo did occur, Autullo has not demonstrated that the information allegedly withheld by the prosecution would have affected his plea.
 
 
 27
 The government possessed material evidence independent of the testimony of the potential government witnesses listed by Autullo. Autullo admitted to his arresting officers that he had been dealing about sixty kilograms of cocaine per month, with a monthly profit of $175,000. In addition, at the time of his indictment Autullo had been the subject of a number of searches in which large quantities of cocaine were found in his home and other locations. Hence, even assuming that Autullo could show that at least five of the government's potential witnesses had received special favors from the prosecution, the government's case against Autullo would be overwhelming. It is not likely, therefore, that Autullo's awareness of these alleged "special favors" would have caused him to change his plea to not guilty and proceed to trial.
 
 
 28
 Since the record, standing alone, supports the district court's finding that Autullo was not entitled to relief on his second and third petitions, the district court did not err in denying these petitions without a hearing. Daniels, 54 F.3d at 293.
 
 
 29
 For the above stated reasons, the district court's order denying Autullo's first § 2255 petition and granting the government's motion for judgment of forfeiture in 93 C 486, and the district court's orders denying Autullo's second and third § 2255 petitions in 93 C 4415 and 95 C 496 are all AFFIRMED.
 
 
 
 [1]
 In his reply brief, Autullo presents several new arguments challenging the cash forfeiture. However, since these arguments were never made in his initial brief to this court, they must be considered waived for the purposes of the instant appeal, despite the fact that Autullo is proceeding pro se. Wilson v. Giesen, 956 F.2d 738, 741 (7th Cir.1992)
 
 
 [2]
 The only difference between the two petitions is that in the third petition, Autullo presented affidavits and records in support of his claim. Additionally, Autullo added two names to the list of potential government witnesses allegedly receiving special favors
 
 
 [3]
 Additionally, the government has failed to argue that Autullo's second and third § 2255 petitions constituted an abuse of the writ. Hence, this claim is waived. McCleskey v. Zant, 499 U.S. 467, 477 (1991)